```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION at PIKEVILLE
```

| | | |
|---|---|---|
| MICHEL QUIROZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7:21-51-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| BUREAU OF PRISONS STAFF, *et al.*, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michel Quiroz filed this action on June 2021, alleging that Defendants Morris, Preston, and Hurley assaulted him while he was incarcerated at a federal penitentiary in Kentucky. (DE 1). Four months later, Defendants Hurley and Morris filed a motion to dismiss the claims against them. (DE 15).

The Court ordered Quiroz to file a response, and extended his time to do so upon its own motion. (DE 17). In early November 2021, for a second time, the Court extended Quiroz's deadline to respond. (DE 29). In both orders, the Court expressly cautioned Quiroz that his failure to respond constituted grounds for dismissal. The deadline for Quiroz to respond, December 9, 2021, has long since passed without a response from the plaintiff.

Under such circumstances Federal Rule of Civil Procedure 41(b) permits a Court to dismiss the relevant claims for failure to prosecute. To determine whether dismissal is appropriate under

Rule 41(b), the Court may consider a variety of factors, such as "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, consideration of the *Knoll* factors supports dismissal of the claims against Defendants Hurley and Morris for Quiroz's failure to prosecute and for his failure to comply with an Order of the Court. Twice, now, the Court advised Quiroz that the claims would be dismissed if he did not file a response within the time permitted. Further, the Court has waited well beyond the stated deadline to see if a compliant response would be filed. Quiroz has not done so.

Quiroz's failure to file any response in the face of clear warnings regarding the consequences of his choice indicates that his decision is a "willful" one. Giving a prior warning of possible dismissal is pivotal to the determination of willfulness. *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998) ("Prior notice, or the lack thereof, is ... a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)."). Quiroz's failure to

2

respond is a strong indication that he intentionally chose to disregard the Court's Order and/or to abandon his claims. *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011). Quiroz's claims against Defendants Hurley and Morris will therefore be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005).

Defendant Preston was served with process on October 18, 2021. (DE 22). Quiroz's claims against him therefore remain pending. Quiroz must take affirmative steps to prosecute his claims against Preston. If Quiroz takes no action to do so within 45 days, the Court will enter an Order to show cause why the case should not be dismissed for failure to prosecute.

Accordingly, it is **ORDERED** as follows:

1. The claims against Defendants Hurley and Morris are **DISMISSED** without prejudice for failure to prosecute and for failure to comply with an Order of the Court.
2. All pending motions are hereby **DENIED** as moot.

This the 7th day of January, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge