```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                SOUTHERN DIVISION at PIKEVILLE
```

| | | |
|---|---|---|
| MICHEL QUIROZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 7: 21-51-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| BUREAU OF PRISONS STAFF, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

In June 2021 plaintiff Michel Quiroz filed a *pro se* civil rights complaint alleging that Lieutenant Morris and Officers Preston and Hurley - three prison guards at the federal penitentiary in Inez, Kentucky - assaulted him in June 2020. [DE 1]. On initial screening, the Court dismissed without prejudice the claims against Warden Joyner, Senior Officer Allen, and psychologist LeFever because Quiroz made no allegations against them in his complaint. The Court directed federal marshals to serve the three officers with process. [DE 6].

Morris and Hurley were served [DE 10, 11], but Preston was not [DE 9]. In September 2021, Morris and Hurley filed a motion to dismiss the complaint. [DE 15]. The Court ordered Quiroz to respond to that motion, extended his time to do so, and cautioned that his failure to file a timely response constituted grounds to dismiss the claims against the moving defendants for failure to

prosecute. [DE 17]. The Court later extended Quiroz's time to file a response as a result of a service error, but again cautioned of the adverse consequences for his failure to respond. [DE 29]. That extended deadline - three months after the defendants' dispositive motion was filed – passed without response from Quiroz. In January 2022, the Court therefore dismissed the claims against Morris and Hurley for failure to prosecute. [DE 30].

The Court also noted that defendant Preston had been served in October 2021 but had not appeared in the case or filed an answer or other responsive pleading. The Court therefore directed Quiroz to take affirmative steps to prosecute his claims against Preston within 45 days upon peril of dismissal for failure to prosecute. *Id*. at 3. When two more months passed without action in the case, on March 4, 2022, the Court ordered Quiroz to show cause within 21 days why those claims should not be dismissed for failure to prosecute. [DE 31]. More than five weeks have passed without response from Quiroz.

The Court will therefore dismiss the claims against Preston for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court considers several factors when deciding whether dismissal is appropriate, including "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure

2

to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999).

Consideration of these factors warrants dismissal here. The Court twice cautioned Quiroz dismissal was imminent unless he took steps to prosecute his claims, but he failed to do so. Quiroz's failure to respond, especially in light of prior dismissals in this case, plainly indicates that he has abandoned his claims. *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011). The Court will therefore dismiss those claims for failure to prosecute and failure to comply with an Order of the Court.

The Court having now dismissed the claims against all of the defendants, it will enter an appropriate judgment.

Accordingly, it is **ORDERED** as follows:

1. The claims against Defendant Preston are **DISMISSED** without prejudice for failure to prosecute and failure to comply with an Order of the Court.

2. This matter is **STRICKEN** from the docket.

This the 11th day of April, 2022.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge